**Snitzler Advertising Company, Defendant in Error, v. Louis T. Orr, Plaintiff in Error.**

**Gen. No. 20,483.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. RUFUS F. ROBINSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed February 16, 1916.

## Statement of the Case.

Action by Snitzler Advertising Company, plaintiff, against Louis T. Orr, defendant, for money due on account of an advertising contract. From a judgment for plaintiff, defendant appeals.

Defendant was an attorney and organized the Hot Springs Medical Institute and the Orpheum Dental Parlors. He owned one share of stock in each corporation. Plaintiff offered in evidence a note of J. L. Donahue for $848.25, dated September 10, 1912, payable three months after date to the order of the plaintiff, with interest at six per cent, per annum, and also the following document:

· "CHICAGO, May 29, 1912.
"SNITZLER ADVERTISING COMPANY,
Chicago, Ill.
"GENTLEMEN:—
You are hereby authorized to insert advertising for the Hot Springs Medical Institute and Orpheum Dental Parlors for the month of June, which shall not in any event exceed the sum of Seven Hundred and Fifty Dollars ($750.00) for which we agree to be responsible.
"Yours respectfully,
(Signed)    J. L. DONAHUE.
(Signed)    LOUIS T. ORR."
Underneath this appeared the following notation:
"This applies to note of J. L. Donahue for sum of

Eight Hundred Forty-eight and 25/100 Dollars (Due Dec. 10th, 1912), taken in payment of balance due on account to date Aug. 26th, 1912.

(Signed)    LOUIS T. ORR.''

The defendant testified that this notation was in his own handwriting, and made by him at the time the note referred to was signed and delivered.

CAVENDER, KAISER & WERMUTH and W. S. HODGES, for plaintiff in error.

PAGE & PAGE, for defendant in error; CECIL PAGE, of counsel.

MR. JUSTICE GOODWIN delivered the opinion of the court.

## Abstract of the Decision.

1.  GUARANTY, § 3*—*when signed notation on order for advertising constitutes guaranty of note.* Where a stockholder in two institutions, together with another person, signs a written order for advertising for such institutions for a specified amount and such stockholder subsequently and individually signs a notation thereon that "this applies to note" of the other signer of the order taken in payment of balance due on account up to a specified date after the giving of the order, such notation constitutes an express agreement to be responsible as guarantor for the payment of the note.

2.  INTEREST, § 5*—*when allowed on account stated.* Interest is allowed where an action is brought on an account stated.

3.  PAYMENT, § 6*—*when giving of note does not constitute.* Payment of an obligation is not made by the giving of a note of one jointly liable for such obligation unless the note itself is paid.

4.  GUARANTY, § 9*—*how contract of guaranty should be construed.* Agreements to become responsible for the amount of an advertising contract and the promissory note of another, should be construed as favorably to the creditor thereon as any other written contracts, even though such agreements be regarded as a guaranty.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.